712 F.2d 248
 LAND ASSOCIATES, A limited partnership and Airport Land,
Inc., A General Partnership, Plaintiffs-Appellants,
v.
METROPOLITAN AIRPORT AUTHORITY and the Metropolitan
Government of Nashville and Davidson County,
Tennessee, Defendants-Appellees.
 No. 82-5600.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 27, 1983.
Decided July 25, 1983.
 
 Joseph L. Lackey, Jr., Nashville, Tenn., for plaintiffs-appellants.
 Larry Stewart, Peter Currey, David T. Hooper, Michael Miller (argued), Nashville, Tenn., for defendants-appellees.
 Before EDWARDS, Chief Circuit Judge, ENGEL, Circuit Judge and BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 In this case a group of land speculators, knowing that the Metropolitan Airport Authority might well have need for a particular tract of land adjacent to the site of the airport, purchased 35 acres of land for the sum of $6,000 per acre in 1970 with the expectation that they would ultimately sell it to the airport at a greatly augmented price. They succeeded in this ambition but not in accordance with its outer limits.
 
 
 2
 The Metropolitan Airport Authority condemned the property and ultimately did acquire the property in 1980 at a price of $10,500 per acre, the condemnation proceedings having been filed in November 1977. Prior to the condemnation proceedings filed in 1977, decided in 1980, plaintiffs had filed an inverse condemnation suit alleging that Metropolitan Airport Authority's resistance to rezoning of the subject property to commercial zoning had unconstitutionally deprived them of otherwise appropriate value of their land. This inverse condemnation suit was dismissed with prejudice without trial by plaintiffs and the following year, the Metropolitan government filed its suit for condemnation of the subject property and a jury awarded $10,500 per acre. Plaintiffs did not appeal the award but the defendant Metropolitan government did. The Court of Appeals of Tennessee affirmed.
 
 
 3
 Plaintiffs relied primarily upon a Sixth Circuit case called Foster v. City of Detroit, 405 F.2d 138 (6th Cir.1968). The facts in that case are simply inapposite to the facts in the instant case. In Foster, the City of Detroit filed a condemnation proceeding in relation to an urban renewal project. It, however, failed to bring said proceeding on for trial for 10 years. The City then dismissed that condemnation suit during which the record showed the properties involved had deteriorated greatly in value. In a new condemnation proceeding, the City took advantage of the deteriorated state of the properties and acquired them at a lower value.
 
 
 4
 This court held that the City's action made it liable under federal due process for the diminished value. There is, of course, a marked contrast between the facts in the Foster case and those in our instant case.
 
 
 5
 Thus in two separate instances, the appellants in this case had the opportunity to litigate the federal constitutional claims presented in our instant case before the courts of the State of Tennessee. In the inverse condemnation suit which they filed, these issues were presented and plaintiffs chose to dismiss those claims "with prejudice." In the condemnation suit brought by defendants, appellants chose not to raise the claims of federal constitutional violation although they had the right to do so. Additionally, it is significant that they did not appeal the condemnation jury verdict while the Metropolitan Airport Authority did.
 
 
 6
 We believe the District Judge was entirely correct in finding for defendant in this case on the authority of such cases as City of Eastlake v. Forest City Enterprises, 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976) and Penn Central Transportation Co. v. New York City, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).
 
 
 7
 Under these circumstances and authority and for the reasons further spelled out in the opinion of the District Judge, the judgment of the District Court, 547 F.Supp. 1128, is affirmed.
 
 
 
 *
 Honorable William O. Bertelsman, District Judge, U.S. District Court for the Eastern District of Kentucky, sitting by designation